```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```

------------------------------------------------------

| | | |
|---|---|---|
| LATASHA LOPER, | : | CASE NO. 1:17-CV-2455 |
| Plaintiff, | : | |
| v. | : | OPINION & ORDER |
| | : | [Resolving Doc. 3] |
| CLEVELAND HEARING AND SPEECH, | : | |
| Defendant. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Latasha Loper sues Cleveland Hearing and Speech for allegedly providing "unpredictable and inconsistent" treatment to her two disabled minor children.[1] On January 16, 2018, Loper filed a motion for appointment of counsel.[2]

The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether "exceptional circumstances" exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.[3]

At this time, the Court declines to exercise its discretion to appoint counsel to represent Plaintiff Loper. Loper's complaint shows a basic understanding of the legal process. Moreover, Loper already has experience bringing similar *pro se* lawsuits on behalf of her children.[4]

---

[1] Doc. 1-2 at 4.
[2] Doc. 3. Defendant opposes. Doc. 4.
[3] *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (internal quotations and citations omitted).
[4] *See, e.g.*, *Loper v. Cleveland Police Headquarters*, No. 1:16CV2842, 2017 WL 2063018, at *1 (N.D. Ohio Mar. 15, 2017), *report and recommendation adopted*, No. 1:16CV2842, 2017 WL 2021250 (N.D. Ohio May 12, 2017); *Loper v. Help Me Grow*, No. 1:16 CV 2768, 2017 WL 5649598, at *1 (N.D. Ohio Feb. 9, 2017); *Loper v. Cleveland Metro. Sch. Dist.*, No. 1:16CV1384, 2017 WL 745741, at *1 (N.D. Ohio Feb. 6, 2017), *report and recommendation adopted*, No. 1:16CV1384, 2017 WL 734907 (N.D. Ohio Feb. 24, 2017).

Case No. 1:17-CV-2455
Gwin, J.

The Court also notes that Loper is in a better position to obtain counsel because her claim under Title VI[5] contains a fee-shifting provision.[6] Should Loper prevail on her Title VI claim, her attorney may be awarded his or her reasonable fees.[7] The Court therefore sees no exceptional circumstances warranting appointment of counsel.

Accordingly, the Court **DENIES** Plaintiff's motion for the appointment of counsel.

IT IS SO ORDERED.

Dated: March 14, 2018            *s/         James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[5] 42 U.S.C. § 2000d.
[6] *See* 42 U.S.C. § 1988(b).
[7] *Id.*