UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------
                                        :
LATASHA LOPER,                          :
                                        :          CASE NO. 1:17-CV-2455
                Plaintiff,              :
                                        :
        v.                              :          OPINION & ORDER
                                        :          [Resolving Doc. 15]
CLEVELAND HEARING AND SPEECH,           :
                                        :
                Defendant.              :
                                        :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

     Plaintiff Latasha Loper sues Cleveland Hearing and Speech for allegedly providing "unpredictable and inconsistent" treatment to her two disabled minor children.[1] On March 14, 2018, the Court denied Plaintiff's motion for appointment of counsel.[2] Plaintiff Loper now moves for reconsideration of the Court's denial.[3] Should the Court deny reconsideration, Loper asks to withdraw her complaint.[4]

     Under Federal Rule of Civil Procedure 59(e), a court may grant a motion to amend or alter its judgment if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) manifest injustice.[5] A reconsideration motion, however, is not an opportunity to re-litigate previously decided matters or present the case under new theories.[6] Such a motion is extraordinary and rarely granted.[7]

---

[1] Doc. 1-2 at 4.
[2] Doc. 8.
[3] Doc. 15.
[4] Id.
[5] *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).
[6] *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).
[7] *Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

In her reconsideration motion, Plaintiff Loper asks for appointment of counsel because she cannot afford counsel.[8]  As an initial matter, the Court notes that Loper could have raised this argument in her original motion.

Nevertheless, the Court still declines to grant Loper's request for appointment of counsel. The Court has discretion to appoint counsel for an indigent civil litigant.[9]  As the Court previously noted, the Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances.  In determining whether "exceptional circumstances" exist, courts have examined the type of case and the abilities of the plaintiff to represent himself.  This generally involves a determination of the complexity of the factual and legal issues involved.[10]

While the Court is sensitive to the financial burdens associated with litigation, the Court sees no exceptional circumstances warranting appointment of counsel in this case.  As the Court noted, Loper seemingly has a basic understanding of the legal process, has experience bringing similar *pro se* lawsuits on behalf of her children, and is in a better position to obtain counsel than many other civil litigants because she brings a claim under a statute with a fee-shifting provision.[11]

For these reasons, the Court **DENIES** Plaintiff Loper's motion for reconsideration.  The Court also construes Plaintiff Loper's request to withdraw as a motion for voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2) and **GRANTS** the motion.

IT IS SO ORDERED.


Dated: May 4, 2018                              s/        *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE

---

[8] Doc. 15.
[9] *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993)
[10] *Id.* at 605-06 (internal quotations and citations omitted).
[11] Doc. 8.